UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBBIE HALL, )<br>)<br>              Plaintiff, )<br>vs. )<br>)<br>CAROL SCHUMACHER, et al., )<br>)<br>              Defendants. )<br>                                          ) | Case No.: 2:10-cv-01353-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Partial Dismissal (ECF No. 5), Plaintiff's Response (ECF No. 7), and Defendants' Reply (ECF No. 8).

**I.    BACKGROUND**

On August 9, 2005, Plaintiff was hired as a call center representative for IBEW Plus Credit Union ("IBEW"). (Compl. ¶ 23, ECF No. 1.) The individual defendants in this case--Carol Schumacher, Kailee Diaz, Kelly Newman, Diane Camardella, Samantha Miller, John Crocker, and Stephanie Calacal--appear to have also been employed at IBEW. According to Plaintiff, she was subject to discriminatory practices with respect to her job bids on June 26, 2006, July 6, 2006, and July 9, 2008. (Compl. ¶ 25-28, ECF No. 1.) Then, on September 8, 2008, Plaintiff filed an EEOC Complaint alleging retaliation, harassment, and failure to promote. (Compl. ¶ 14, ECF No. 1.) In December of 2008, the EEOC denied all of the claims in that Complaint. (Compl. ¶ 18, ECF No. 1.) Subsequently, in January of 2008, Plaintiff was fired for using a company cellular phone to make personal calls, though Plaintiff contends that reason was merely a pretext which masked retaliatory intent. (Compl. ¶ 46, ECF No. 1.)

On July 21, 2010, Plaintiff filed this lawsuit against Defendants Carol

Schumacher, Kailee Diaz, Kelly Newman, Diane Camardella, Samantha Miller, John Crocker, Stephanie Calacal, and IBEW, seeking injunctive and monetary relief for unfair hiring and promotions, racial and age discrimination and harassment, and retaliation. Although the Complaint does not explicitly invoke a federal question on its face, Plaintiff contends that her Complaint is based on 42 U.S.C. § 1983; the Age Discrimination in Employment Act ("ADEA"); and the First and Fourteenth Amendments, (Resp. 1-2, ECF No. 7).

Defendants, who removed this Complaint to federal court based on federal question jurisdiction, have filed a Motion for Partial Dismissal (ECF No. 5) that seeks to dismiss Plaintiff's ADEA claims and all of the claims against the individual defendants.

## II.     RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

## III. DISCUSSION

### A. Dismissal of the Individual Defendants

None of the sources of law upon which Plaintiff's claims are based can impose liability on the individual defendants in this case. Neither Title VII nor the ADEA impose liability on employees--even ones in supervisory roles--in their individual capacities. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Further, claims arising under 42 U.S.C. § 1983 are generally not applicable to private individuals and can only lie against a private party "where there is significant state involvement in the action." *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997) (internal citation and quotations marks omitted). Here, however, Plaintiff has not alleged any governmental involvement in the allegedly discriminatory or retaliatory actions taken by IBEW and the individual Defendants, nor has she alleged a close nexus between a state actor and the challenged conduct. Accordingly, section 1983 cannot impose liability on the individual defendants.

Finally, both the First and Fourteenth Amendments are inapplicable unless there was some governmental action taken that violated the protections afforded in those Amendments. *Hudgens v. N.L.R.B.*, 424 U.S. 507, 519 (1976). Here, Plaintiff has alleged no such state action.

Accordingly, Plaintiff's claims against the individual Defendants are dismissed insofar as they seek to hold the individual Defendants individually liable for their actions.

**B.     Dismissal of Claims Arising under the ADEA**

Defendants also seek dismissal of Plaintiff's claims arising under the ADEA, contending that Plaintiff has pleaded insufficient facts to support such a cause of action. (Mot. 4:21-22, ECF No. 5.)  In her Response, Plaintiff does not direct the Court's attention to any facts in the Complaint that support her ADEA claim, but, rather, she proffers an Exhibit, which she thinks substantiates her claim, (Resp. 5:25-28, ECF No. 7). The Court will not examine that Exhibit at this time, however, because "when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint," *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Thus, it would be inappropriate for the Court to rely upon the Exhibit attached to Plaintiff's Response.

An ADEA plaintiff can establish a prima facie case by alleging that she was: (1) at least forty years old; (2) performing her job satisfactorily; (3) discharged or passed over for promotion, and (4) either (a) passed over in favor of or replaced by substantially younger employees with equal or inferior qualifications, or (b) discharged or passed over under circumstances otherwise giving rise to an inference of age discrimination. *Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2010 WL 3613887, at *5 (D. Nev. Sept. 7, 2010); *see also Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201, 1207 (9th Cir. 2008).

Plaintiff alleged that she was over forty years old (Compl. ¶ 20, ECF No. 1), and that she was passed over for promotion on a few occasions, (Compl. ¶ 28, ECF No. 1). Plaintiff also alleges that the people who were given the positions for which she had applied were "less competent" than she. (Compl. ¶ 28, ECF No. 1.)  Plaintiff does not, however, allege that she was performing her own job satisfactorily, nor does she allege that the people who received the positions she wanted were younger than she.  Instead,

Plaintiff merely makes conclusory statements such as "numerous employees got hired over [Plaintiff] during the period of July 23, 2008 through January because of her age and because she is Black," (Compl. ¶ 28, ECF No. 1), without articulating facts to support them.  This is not sufficient to survive a Motion to Dismiss.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  Plaintiff's claims under the ADEA will therefore be dismissed with leave to amend.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Partial Dismissal (ECF No. 5) is **GRANTED**.  Plaintiff will have fourteen (14) days from the entry of this Order to file an Amended Complaint remedying the defects set forth above.

The Clerk of the Court shall mail a copy of this Order to Plaintiff's address on file herein.

DATED this 18th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge