1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBBIE HALL,                                    )
                                               )     Case No. 2:10-cv-01353-GMN-PAL
                                  Plaintiff,    )
                                               )     **ORDER**
vs.                                            )
                                               )     (Mtn to Compel - Dkt. #38)
CAROL SCHUMACHER, et al.,                       )
                                               )
                                  Defendants.   )
_____)

          This matter is before the court on Plaintiff's Second Motion to Compel Defendants to Produce
Discovery (Dkt. #38) filed June 7, 2011.  The court has considered the Motion, Defendants' Response
(Dkt. #44) and the Declaration of Brian L. Bradford in Support of Opposition (Dkt. #45), both filed
June 16, 2011.

          Plaintiff asserts that Defendants have refused to turn over discovery in response to her Second
Request for Production of Documents.  It appears that although Defendants responded, Plaintiff
believes the responses are insufficient.  She states that on March 8, 2011, the court granted her Motion
to Compel, and Defendants have not complied with the court's Order to permit her to review a DVD
and any related discovery.  Plaintiff requests the court sanction Defendants because "the objections to
the request for production of documents are a ruse."

          In response, Defendants assert that Plaintiff's Motion to Compel should be denied for several
reasons.  First, Plaintiff has not specified which discovery responses she believes she has not received.
Second, she has not met and conferred with Defendants prior to seeking court intervention.  Third,
Defendant has responded to the discovery requests "in a manner already approved by the court."
Fourth, Plaintiff has not raised any legal arguments regarding any objections raised by Defendant which
would permit her to receive discovery over Defendants' objections.  Defendant asserts that because

1   there is no legal or factual basis for this motion, sanctions should be entered against Plaintiff in favor of

2   Defendants for having to respond to Plaintiff's baseless motion.

3       Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery.  It

4   provides in pertinent part:  "The motion must include a certification that the movant has in good faith

5   conferred or attempted to confer with the person or party failing to make disclosure or discovery in an

6   effort to obtain it without court action."  *Id.*  Local Rule 26-7(b) also provides:

7           Discovery motions will not be considered unless a statement of moving
            counsel is attached thereto certifying that, after personal consultation and
8           sincere effort to do so, counsel have been unable to resolve the matter
            without court intervention.

9   *Id.*

10      Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes.  First, the

11  parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary

12  expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of

13  discovery disputes."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  Second, the

14  meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement

15  or to at least narrow and focus the matters in controversy before judicial resolution is sought."  *Id.*  For

16  the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal

17  negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of

18  discovery disputes."  *Id.*  To accomplish this requirement,

19          [t]he parties must present to each other the merits of their respective
            positions with the same candor, specificity, and support during informal
20          negotiations as during the briefing of discovery motions.  Only after all
            the cards have been laid on the table, and a party has meaningfully
21          assessed the relative strengths and weaknesses of its position in light of
            all available information, can there be "a sincere effort" to resolve the
22          matter.

23  *Id.*  Judicial intervention should only occur when either informal negotiations have reached an impasse

24  on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or

25  provide specific support for its claims.  *Id.*

26      The court should not consider a motion to compel unless the moving party provides a

27  certification of counsel which "accurately and specifically convey to the court who, where, how, and

28  when the respective parties attempted to personally resolve the discovery dispute."  *Shufflemaster, Inc.*

1   *v Progressive Games, Inc*. 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must

2   actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery

3   dispute without court intervention. *Id*. To accomplish the underlying policy of Local Rule 26-7(b) and

4   Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have

5   been "unable to resolve the matter" and "must adequately set forth in the motion essential facts

6   sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good

7   faith conferment between the parties." *Id*. at 171. A good faith attempt to resolve the discovery dispute

8   without court intervention involves more than "the perfunctory parroting of statutory language on the

9   certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery

10  dispute through non-judicial means." *Id.* Here, Plaintiff has not met and conferred with defense

11  counsel to attempt to resolve her motion. Defendants represent that the parties have not engaged in any

12  discussion concerning Plaintiff's discovery requests.

13          Furthermore, Local Rule 26-7(a) provides that "[a]ll motions to compel discovery or for

14  protective order shall set forth in full the text of the discovery originally sought and the response

15  thereto, if any." *Id.* Here, Plaintiff has not set forth which of Defendants' discovery responses "do not

16  comply with any of the Federal Rules of Civil Procedure related to Rules 26-37." Plaintiff does not

17  state specifically which of Defendants' discovery responses she contends are inadequate, and the court

18  cannot determine what relief Plaintiff seeks in her motion. For both of these reasons, Plaintiff's Motion

19  to Compel will be denied.

20          With regard to Defendants' request for sanctions, the court notes that Rule 37(a)(5)(B) allows

21  the court to impose reasonable fees to an opposing party if the movant does not prevail on the motion to

22  compel, unless the motion was substantially justified or other circumstances exist which would make an

23  award of expenses unjust. *Id.* The court finds that Plaintiff's motion was not substantially justified and

24  also notes that Plaintiff was advised, at the hearing on Plaintiff's last motion to compel, that she should

25  familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules of Practice.

26  Plaintiff will be afforded some procedural leniency because she is proceeding *pro se*. However, she is

27  warned that the court will impose sanctions against her if she continues to disregard the Federal and

28  Local Rules.

Accordingly,

**IT IS ORDERED**:

1.      Plaintiff's Motion to Compel (Dkt. #38) is DENIED.

2.      Defendants' Request for Sanctions (Dkt. #44) is DENIED.

Dated this 7th day of July, 2011.


                                              _____
                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE