UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBBIE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01353-GMN -LRL |
| v. ) | |
| ) | **O R D E R** |
| CAROL SCHUMACHER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is *pro se* plaintiff Debbie Hall's Counter-Motion To Hold Defendant In Contempt of Court For Failing To Provide Discovery/Evidence. (#50). Defendant IBEW Plus Credit Union (hereinafter "Credit Union") filed an Opposition (#55), and plaintiff failed to file a Reply.

Plaintiff's complaint (#1-1) stems from the alleged racial and/or age discrimination she suffered while working for defendant Credit Union. She asserts claims for "(1) unfair hiring and promotions, (2) racial and age discrimination and harassment, (3) retaliation, and (4) mitigating facts." (#1-1). Specifically, she claims that the Credit Union would promote less qualified younger Caucasians, had a racist drawing in the office, and began to harass her, and eventually fired her, for complaining to the EEOC. *Id.* Defendant Credit Union has moved for summary judgment (#39), and asserts that plaintiff has failed to demonstrate, by admissible evidence, that she suffered any of the alleged discrimination.

**Motion For Contempt, Sanctions and To Compel**

Plaintiff's present counter-motion for contempt (#50) was filed in conjunction with her opposition to defendant Credit Union's motion for summary judgment (#39), and only four days after the court denied (#49) her motion to compel and for sanctions. In her opposition/counter-motion, Hall contends that summary judgment is inappropriate, because evidence supporting her allegations exists, but defendant "refuses to comply with discovery" as required. (#50). For example, she argues that the

1 requested cell phone records would demonstrate how other employees also used their cell phones for
2 personal use, yet were not terminated for it, thus providing support for her discrimination claim. *Id.*
3 Plaintiff complains that the responses she received were incomplete. *Id.* Further, she contends that on
4 March 8, 2011, the court ordered the defendant to allow her to view a videotape, but she suspects the
5 tape was altered. *Id.* This evidence, she contends, "would directly affect the outcome of this case, and
6 demonstrates that [she] was treated differently than other employees." *Id.* Therefore, due to defendant's
7 alleged failure to cooperate in discovery, plaintiff asks this court to deny the motion for summary
8 judgment, hold defendant in contempt of court, and impose sanctions. *Id.* Additionally, plaintiff asserts
9 that defendant should be compelled to provide "complete answers [to her] within (10) days."

10 In its opposition (#55), defendant Credit Union contends that the counter-motion should be
11 denied because "the [c]ourt has already denied two previous motions to compel and for sanctions for
12 [p]laintiff's repeated failure to comply with the rules of civil procedure," and because her plea for
13 sanctions is "untimely, as it comes after the deadline for dispositive motions." Additionally, it argues
14 that the counter-motion is inappropriate because the discovery period has already expired, despite an
15 extension by the court. (#55).

16     **A.**     **Background**

17 On January 1, 2011, plaintiff filed a motion requesting a 90-day extension of the discovery
18 deadline. (#18). The court held a telephonic hearing on the motion on February 1, 2011, but plaintiff
19 failed to appear. (#24). Despite her failure to appear, the court granted the motion, but stated that it
20 would only entertain subsequent motions to extend discovery in "extraordinary circumstances." *Id.* The
21 court extended the discovery deadline to May 9, 2011, and the date to file dispositive motions to June
22 8, 2011. (#28).

23 Subsequently, plaintiff attempted to compel discovery twice in this case. The court held a
24 hearing on her first motion to compel (#22), and directed her to the rules of civil procedure, namely Rule
25 34, as she had failed to propound discovery requests upon Credit Union prior to filing her motion to
26 compel. (#30). The court then ordered the defendant to permit the plaintiff to review the videotape in

question. Plaintiff's second motion to compel and for sanctions (#38) was filed on June 7, 2011, almost a month after the discovery deadline had passed. The court denied this motion and request for sanctions for several reasons. (#49). First, the court held that plaintiff failed to meet and confer in an attempt to resolve her motion as required by Rule 37(a)(1), and that this was confirmed by defendant when it asserted that "the parties had not engaged in any discussion concerning [p]laintiff's discovery requests." *Id.* Second, the court held that plaintiff's motion did not comport with Local Rule 26-7, because she failed to "state specifically which of [d]efendant's discovery responses she contends are inadequate." *Id.* The court was unable to fashion relief, and therefore denied the motion. *Id.*

The court held that her request for sanctions was unwarranted, because her "motion was not substantially justified," and she had failed to "familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules of Practice" as previously advised by the court. *Id.* Further, the court "warned that [it] will impose sanctions against her if she continues to disregard the Federal and Local Rules." *Id.*

**B.    Discussion**

In light of the foregoing, the court concludes that holding defendant in contempt or imposing sanctions against it is unwarranted. As an initial matter, the plaintiff is asking the court to compel the defendant to provide answers, i.e. seeking further discovery, in her opposition to the motion for summary judgment. This request is untimely. If the court finds that the "moving party has unduly delayed, [it] may conclude that the [motion to compel] is untimely." *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999)(internal citations omitted). A motion to compel "filed during the discovery period would rarely be considered untimely," but, "absent unusual circumstances, it should be filed before the scheduled date for dispositive motions." *Id.* Here, the fact that plaintiff failed to follow the rules of the court and "unduly delayed" the discovery process, weighs heavily in finding her motion "untimely." *Id.* Further, as she filed the motion months after the discovery deadline and the deadline to file dispositive motions had passed, without alleging "unusual circumstances," her request must be denied. *Id.*

3

With regards to the request for contempt and sanctions, the record in this case reflects that it was plaintiff herself who caused the discovery delay, and undermines her assertion that it was defendant who acted improperly regarding discovery. As the court stated in its previous order (#49) denying sanctions, it was her "disregard [for] the Federal and Local Rules" that resulted in the denial of discovery and was sanctionable. Further, the present counter-motion for contempt/sanctions (#50), purportedly filed in support of plaintiff's opposition to defendant's motion for summary judgment, is untimely. It was filed on July 12, 2011, a month after the deadline for filing dispositive motions had passed. *See U.S. v. Geary,* F.Supp.2d, 2007 WL 1266069 (D. Hawaii)(holding that a contempt motion for alleged discovery abuses is dispositive if it involves a final determination of a claim being litigated.).

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Debbie Hall's Counter-Motion To Hold Defendant In Contempt of Court for Failing to Provide Discovery/Evidence (#50) is denied.

DATED this 23rd day of September, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**